IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GENAE GEORGE,

    Plaintiff,

vs.                                                      CASE No. 1:18-cv-53-MW-GRJ

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* litigant, initiated this case on March 20, 2018, by filing a complaint for judicial review of the final decision of the Commissioner. (ECF No. 1.) Plaintiff's complaint stated that she received notice that the Commissioner's decision became "final" on January 19, 2018. She did not, however, answer several pertinent questions on the court-approved complaint form regarding her claims, nor did she attach a copy of the Commissioner's final decision and a copy of the notice she received from the Social Security Appeals Council stating that her complaint was denied.

The Court took judicial notice, however, that Plaintiff recently had filed another social security appeal in this Court. *See George v. Berryhill*,

No. 1:17-cv-7-MW-GRJ (N.D. Fla. Jan. 17, 2018). The Court there entered an order on January 17, 2018, affirming the decision of the Commissioner terminating Plaintiff's benefits as of March 31, 2014. *See id.*, ECF No. 26. Judgment was entered the same day. *Id.*, ECF No. 27. The Court explained to Plaintiff that to the extent she was attempting to (through the instant case) appeal the Court's decision in Case No. 1-17-cv-7-MW-GRJ affirming the decision of the Commissioner, Plaintiff instead would be required to file an appeal to the United States Court of Appeal for the Eleventh Circuit. (ECF No. 4.) The Court also took judicial notice, however, that Plaintiff did not file a notice of appeal in that case. The Court noted that to the extent Plaintiff erroneously filed the instant case as an attempt to appeal, her time to file a notice of appeal had already expired because she did not do so within the sixty-day deadline. (*Id.*)

Accordingly, the Court advised Plaintiff that if she has received another decision of the Commissioner—separate from the decision that was the subject of her appeal in this Court in Case No. 1:17-cv-7-MW-GRJ—Plaintiff must file a properly completed amended complaint and attach a copy of the Commissioner's final decision and a copy of the notice she received from the Social Security Appeals Council stating that her

complaint was denied by April 12, 2018. (*Id.*) Alternatively, if Plaintiff erroneously filed the instant case as an attempt to appeal this Court's decision in Case No. 1-17-cv-7-MW-GRJ, the Court advised Plaintiff that she can not do so and therefore the Court will dismiss the complaint of she could file a notice of voluntary dismissal.

Following two extensions of time and an order to show cause, Plaintiff finally filed her response to the order to show cause, representing that the instant case "is not an appeal, but an assertion that a Court of competent jurisdiction reached a final judgment on January 17th, 2018 in error. (ECF No. 11 at 1.) She claims that the Court's affirmation "cannot be justified given the decision was reached based on false and refutable claims made by the ALJ and Commissioner concerning the Plaintiff's medical condition." (*Id.*) She therefore requests the Court "to overturn the Commissioner's decision based on falsified findings, which led to the Court's inadvertent concurrence and final judg[]ment." (*Id.* at 2.)

If Plaintiff seeks relief from the Court's final judgment in Case No. 1-17-cv-7-MW-GRJ, she must file an appropriate motion in that case, not a new lawsuit. If Plaintiff seeks to relitigate, through the instant case, the same claims she raised, or should have raised, in Case No. 1-17-cv-7-

MW-GRJ, she cannot do so because her claims are barred by res judicata. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). It is apparent that Plaintiff is attempting in this case to relitigate the case she lost in Case No. 1-17-cv-7-MW-GRJ. It makes no difference that she attempts to raise arguments in this case that she did not raise in the previous case. Because Plaintiff's claims in this case challenge the same final decision she challenged in the previous case, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** as barred by res judicata.

**DONE AND ORDERED** this 23rd day of May 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> **A**

**copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**